# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKAYEL POGHOSYAN,** | : | CIVIL NO. 1:CV-13-1764 |
| Petitioner, | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

## ORDER

On June 27, 2013, Mikayel Poghosyan, a detainee of the United States Bureau of Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In the petition, he challenges his continued lengthy post-final-order detention by ICE without a bond hearing or conditional parole. On July 22, 2013, a Show Cause order was issued directing Respondents to respond to the allegations in the petition. (Doc. No. 3.) Following the grant of an enlargement of time, a response was submitted on September 3, 2013. (Doc. No. 7.) On September 16, 2013, Respondents submitted a status report notifying the Court that on September 9, 2013, POGHOSYAN received a bond hearing and was released from ICE custody on supervision pending his removal. (Doc. No. 8, Ex. 1, Clark Decl.) As a result, the instant petition has been rendered moot and should be dismissed, as Poghosyan has received the relief he requests in the petition.

When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Rendell v. Rumsfeld, 484 F.3d 236, 240-41 (3d Cir. 2007). This means that throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. United States

v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). As Poghosyan does not challenge his removal, but rather only his continued detention, and he now has been afforded the relief he sought from this Court, his action is now moot. The administrative action by the immigration officials addressing the concerns raised by Poghosyan in his petition renders his petition moot.[1] Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004).

**ACCORDINGLY,** this 18th day of September, 2013, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed as moot**.

2. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE
United States District Judge

---

[1] Petitioner also filed correspondence on September 17, 2013, notifying the Court of his release and his desire to no longer pursue this matter due to his release. (Doc. No. 9.)